UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL D. LEMLEY,<br><br>          Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>          Defendant. | Case No. 3:15-cv-00598-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

   On December 10, 2015, Plaintiff, who is proceeding pro se, filed an application to proceed in forma pauperis and complaint. (Electronic Case Filing (ECF) Nos. 1, 1-1.) On December 16, 2015, the undersigned granted Plaintiff's application to proceed in forma pauperis, and screened his pro se complaint, interpreting it as requesting review of the decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). (ECF No. 3.) The complaint was filed (ECF No. 4), and the court directed the Clerk to serve the Commissioner of the Social Security Administration.

   The Commissioner filed its answer, along with the Administrative Record (AR) on February 26, 2016. (ECF Nos. 9, 10.) On February 29, 2016, the undersigned issued an order concerning review of Social Security cases, instructing Plaintiff that if he intended to request remand of his case on the basis of new evidence, then within thirty days he had to file a motion for remand based on new evidence with a copy of the evidence attached to the motion. (ECF No. 11.) The court advised Plaintiff such a motion needed to include a statement as to why the new evidence was not incorporated into the record earlier. (*Id*.) If Plaintiff did not seek

1  remand on the basis of new medical evidence, he was advised that he still had to file a motion for
2  reversal and/or remand on other grounds within thirty days. (*Id*.) He was also instructed that any
3  motion should contain appropriate points and authorities dealing with the specific legal issues
4  involved in this case. (*Id*.)

5  On March 25, 2016, Plaintiff filed a document stating the following: "To whom it may
6  concern; Here is the updated information that you have requested. I am still actively a patient of
7  Peggy Kemper and Dr. Owens. If you have a question or need more information please contact
8  me." (ECF No. 13.) This was accompanied by two pages of medical records from Reno
9  Diagnostic Centers (findings related to x-rays of the lumbar and cervical spine taken on
10 March 21, 2016) (ECF No. 13-1 at 1-2), as well as a manually filed CD containing the x-ray
11 images from Reno Diagnostic Center (cover page at ECF No. 13-1 at 3). Plaintiff has filed
12 nothing else in this action.

13 The Commissioner filed a response which interprets Plaintiff's filing as a motion for
14 remand on the basis of new evidence. (ECF No. 16.)

15 While Plaintiff did not submit a motion or supporting points and authorities in
16 compliance with the court's prior order, the court will likewise construe Plaintiff's pro se filing
17 as a motion to remand on the basis of new medical evidence.

18 After a thorough review, it is recommended that Plaintiff's motion to remand on the basis
19 of new medical evidence be denied.

## I. BACKGROUND

21 In August of 2012, Plaintiff filed an application for Disability Insurance Benefits (DIB)
22 under Title II of the Social Security Act, and protectively filed an application for Supplemental
23 Security Income (SSI) under Title XVI of the Social Security Act. (AR 200-219.)  He originally
24 alleged disability beginning December 18, 2009, but at the hearing he amended his alleged onset
25 date to August 15, 2012. (AR 47.) The applications were denied initially and on reconsideration.
26 (AR 78-79, 112-113, 115-129.) Plaintiff requested a hearing before an Administrative Law Judge
27 (ALJ). (AR 134.)

ALJ Eileen Burlison conducted a hearing on July 9, 2014. (AR 30-55.) Plaintiff appeared, and was represented by counsel at the hearing, and testified on his own behalf. (AR 32-50.) Testimony was also taken from a vocational expert (VE). (AR 50-55.)

On August 14, 2014, the ALJ issued a decision finding Plaintiff not disabled from August 15, 2012 through the date of the decision. (AR 14-23.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

Plaintiff then commenced this action, which the court construed as seeking review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). As indicated above, in response to the court's order that Plaintiff file a motion for reversal or remand, Plaintiff filed medical evidence consisting of x-ray findings and images from x-rays of the cervical and lumbar spine taken on March 21, 2016. (ECF Nos. 13, 13-1.) The court construes Plaintiff's filing as a motion for remand on the basis of new medical evidence. The Commissioner argues that this new medical evidence is not material to the ALJ's decision because it does not show more significant findings than the ALJ had before her regarding Plaintiff's impairment.

## II. DISCUSSION

**A. Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 522 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez*, 740 F.3d at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035

(9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id*. (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

**B. Five-Step Evaluation of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §  1382c(a)(3)(b).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. §  404.1520(a)(4)(i), (b); §  416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

1     The second step requires the Commissioner to determine whether the claimant's
2 impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and
3 § 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits
4 the claimant's physical or mental ability to do basic work activities. *Id*.
5     In the third step, the Commissioner looks at a number of specific impairments listed in
6 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the
7 impairment meets or is the equivalent of one of the Listed Impairments. 20 C.F.R.
8 § 404.1520(a)(4)(iii), (d) and §  416.920(a)(4)(iii), (c). The Commissioner presumes the Listed
9 Impairments are severe enough to preclude any gainful activity, regardless of age, education, or
10 work experience. 20 C.F.R. §  404.1525(a). If the claimant's impairment meets or equals one of
11 the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed
12 disabled. 20 C.F.R. §  404.1520(a)(4)(iii), (d), §  416.920(d). If the claimant's impairment is
13 severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to
14 step four. *Yuckert*, 482 U.S. at 141.
15     At step four, the Commissioner determines whether the claimant can still perform "past
16 relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past
17 relevant work is that which a claimant performed in the last fifteen years, which lasted long
18 enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R.
19 § 404.1565(a) and § 416.920(b)(1).
20     In making this determination, the Commissioner assesses the claimant's residual
21 functional capacity (RFC) and the physical and mental demands of the work previously
22 performed. *See id.;* 20 C.F.R. § 404.1520(a)(4); *see also Berry v. Astrue*, 622 F.3d 1228, 1231
23 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R.
24 § 1545 and § 416.945. In determining RFC, the Commissioner must assess all evidence,
25 including the claimant's and others' descriptions of limitation, and medical reports, to determine
26 what capacity the claimant has for work despite the impairments. 20 C.F.R. § 404.1545(a) and
27 § 416.945(a)(3).
28

A claimant can return to previous work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted).

If the claimant can still do past relevant work, then he or she is not disabled for purposes of the Act. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131 ("Generally, a claimant who is physically and mentally capable of performing past relevant work is not disabled, whether or not he could actually obtain employment.").

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform work available in the national economy. 20 C.F.R. § 404.1520(e) and § 416.290(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez*, 740 F.3d at 528. If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a vocational expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

"The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (internal quotation marks and citation omitted). The Grids place jobs into categories by their physical-exertional requirements, and there are three separate tables, one for each category: sedentary work, light work, and medium work. 20 C.F.R. Part 404, Subpart P, Appx. 2, § 200.00. The Grids take administrative notice of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels. *Id*. Each grid has various combinations of factors relevant to a claimant's

1  ability to find work, including the claimant's age, education and work experience. *Id*. For each
2  combination of factors, the Grids direct a finding of disabled or not disabled based on the
3  number of jobs in the national economy in that category. *Id*.
4      If at step five the Commissioner establishes that the claimant can do other work which
5  exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566. Conversely,
6  if the Commissioner determines the claimant unable to adjust to any other work, the claimant
7  will be found disabled. 20 C.F.R. § 404.1520(g); *see also Lockwood*, 616 F.3d at 1071;
8  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

### C. ALJ's Findings in this Case

    The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since August 15, 2012, the amended alleged onset date. (AR 16.)

    At step two, the ALJ concluded Plaintiff had the following severe impairments: status-post left shoulder; history of bilateral carpal tunnel; degenerative disc disease of the neck and back; obesity; mood disorder; and bipolar disorder. (AR 16.)

    At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listed Impairments. (AR 17.)

    At step four, the ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), except Plaintiff: could only occasionally perform postural activities; could perform occasional bilateral overhead reaching; could perform frequent bilateral handling; should avoid hazards including working at heights or operating dangerous moving machinery; would be limited to simple and routine work; and would be limited to brief and superficial contact with the public, supervisors and coworkers. (AR 18.)

    The ALJ found that the objective medical evidence did not provide strong support for Plaintiff's allegations of disabling symptoms and limitations. (AR 19.) The ALJ mentioned that Plaintiff treated for complaints of chronic neck and back pain at Renown Regional Medical Center, and was treated conservatively with medication. (AR 19.) It is particularly significant to the court's analysis that the ALJ noted a June 2013 x-ray of the lumbar spine which showed

only mild multilevel degenerative disc disease, and an April 2014 MRI of the cervical spine also showed only mild multilevel degenerative changes. (AR 19.) On examination, he exhibited normal musculoskeletal range of motion and no edema or tenderness. (AR 19.)

The ALJ concluded Plaintiff was unable to perform any of his past relevant work. (AR 22.)

At step five, the ALJ considered Plaintiff's age, education, work experience and RFC, and determined, based on the VE's testimony, that jobs existed in significant numbers in the national economy that Plaintiff could perform. (AR 22-23.) As a result, the ALJ found Plaintiff was not disabled. (AR 22-23.)

**D. New Medical Evidence**

The only ground Plaintiff provides for remand or reversal is the submission of new medical evidence.

Here, Plaintiff's onset date was amended to August 15, 2012, and the ALJ issued her decision on August 14, 2014. (AR 23.) The medical evidence submitted by Plaintiff consists of x-ray findings from x-rays of the cervical and lumbar spine taken on March 21, 2016. (ECF No. 13-1.)

42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner. It provides that the court has "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Sentence six of 42 U.S.C. § 405(g) provides in pertinent part that the court:

> may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...

42 U.S.C. § 405(g).

Thus, in determining whether to remand on the basis of new evidence, the court must look at "whether the new evidence is material to a disability determination and whether the claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). To be material, "the new evidence must

1  bear 'directly and substantially on the matter in dispute.'" *Id*. (quoting *Ward v. Schweiker*, 686
2  F.2d 762, 764 (9th Cir. 1982)). There must also be a reasonable possibility that the new evidence
3  would have changed the outcome of the determination had it been before the ALJ. *Id.* (citation
4  omitted). "To demonstrate good cause, the claimant must demonstrate that the new evidence was
5  unavailable earlier." *Id.* at 463 (citations omitted).

6  The March 2016 x-ray of the lumbar spine revealed degenerative disc disease and
7  posterior element arthropathy with slight scoliosis, but no acute bony findings of instability.
8  (ECF No. 13-1 at 1.) A June 2013 MRI of the lumbar spine identified multilevel mild
9  degenerative disc disease with no acute bony abnormalities, and slight scoliotic curvature. (AR
10 454.) A September 2013 image of the lumbar spine indicated moderate degenerative disc
11 disease with trace degenerative L4/5 retrolisthesia. (AR 494-95.) The findings from this latest x-
12 ray of the lumbar spine are essentially the same as the findings from the June 2013 images.
13 Therefore, it cannot be said that the ALJ would have changed her mind had she seen this new
14 medical evidence.

15 The March 2016 x-ray of the cervical spine was "[e]ssentially normal." (ECF No. 13-1 at
16 2.) Therefore, it likewise cannot be said there is a reasonable possibility this new evidence would
17 have changed the outcome of the ALJ's determination.

18 In sum, the court finds no basis for reversing or remanding the decision of the ALJ.
19 Therefore, it is recommended that Plaintiff's motion be denied.

20                                    **III. RECOMMENDATION**
21 **IT IS HEREBY RECOMMENDED** that Plaintiff's motion (ECF No. 13) be **DENIED**.
22 The parties should be aware of the following:
23 1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local
24    Rules of Practice, specific written objections to this Report and Recommendation
25    within fourteen days of receipt. These objections should be titled "Objections to
26    Magistrate Judge's Report and Recommendation" and should be accompanied by
27    points and authorities for consideration by the District Court.
28

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: September 29, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE